CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

KELSEY C. DAVIDSON (CABN 322323)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6959
    Fax: (415) 436-7027
    kelsey.davidson@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3:26-MJ-70553 |
| Plaintiff, | [~~PROPOSED~~] DETENTION ORDER |
| v. | |
| LUIS RINCON, | |
| Defendant. | |

On April 22, 2026, defendant Luis Rincon was charged by Complaint with being a felon in possession of a firearm and ammunition, in violation of Title 18 United States Code Section 922(g)(1).

This matter came before the Court on May 5, 2026, for a detention hearing. The defendant was present and represented by Taylor Fatherree. Assistant United States Attorney Kelsey Davidson appeared for the government. The government moved for detention, and the defendant opposed. At the hearing, counsel submitted proffers and arguments regarding detention.

Upon consideration of the facts, proffers and arguments presented, and for the reasons stated on the record, the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person or the community. Accordingly, the defendant must be detained pending trial in this matter.

The present order supplements the Court's findings and order at the detention hearing and serves as written findings of fact and a statement of reasons as required by Title 18, United States Code, Section 3142(i)(1). As noted on the record, the Court makes the following findings as the basis for its conclusion: The defendant has convictions for, among other things, two prior weapons offenses, evading peace officers, and for violating post release community supervision. The defendant was also on parole at the time of the charged offense. In addition, he has an active warrant for another parole violation and another weapons offense. His prior weapons convictions and the fact that he is once again charged with a weapons offense establish that he is a danger to the community. The fact that the defendant was on parole at the time of the charged offense, as well as his prior convictions for evading peace officers and for violating post release community supervision, indicate that he is not amenable to supervision and would not comply with conditions of release that would protect the community.

This finding is made without prejudice to the defendant's right to seek review of defendant's detention or file a motion for reconsideration if circumstances warrant it.

Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1.      The defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2.      The defendant be afforded reasonable opportunity for private consultation with counsel; and

3.      On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: May 5, 2026

HONORABLE THOMAS S. HIXSON
United States Magistrate Judge

[PROPOSED] DETENTION ORDER                    2                    v. 11/01/2018
3:26-MJ-70553